WILLIS CLARY, plaintiff in error, *vs.* ALLEN P. SURRENCY, defendant in error.

1. That when the plaintiff purchased from the payee the note in suit, he held two notes on the latter, one of which he surrendered, and credited the other with a partial payment, may be proved by parol. But, in a doubtful case, to make clear the payment of value, the notes in question ought to be produced or accounted for, and their contents proved, or else their consideration and its value established.
2. Negotiations between the plaintiff and the payee, touching a note, after it became due, and implying that it was still the property of the latter, are material as newly discovered evidence tending to negative any previous *bona fide* purchase.

Promissory Notes. Evidence. Newly Discovered Evidence. New Trial. Before Judge HARRIS. Wayne Superior Court. March Term, 1876.

Surrency brought complaint against Clary as maker, and Easterling as indorser, on a note dated October 21st, 1874, payable ninety days after date to the order of Easterling,

for $500.00. Easterling made no defense. Clary pleaded the general issue and failure of consideration.

The only material question in the case was whether the plaintiff was a *bona fide* purchaser of the note before due, so as to preclude the defense of failure of consideration.

The plaintiff testified that he purchased the note from Easterling soon after it was given, and before it matured; that he gave for it a valuable consideration, to-wit: a note which he held against Easterling, and a credit of $150.00 on another note which he held against him.

Easterling testified that before he obtained the note sued on from Clary, he had a conversation with plaintiff, to whom he was then indebted; that the latter told him that if he would get the note, that he would take it and give witness credit on his indebtedness; that witness obtained the note, and sold it to plaintiff for the consideration stated by him.

Defendant objected to the admission of parol evidence in reference to the consideration given by plaintiff for the note sued on, upon the ground that the notes themselves, especially the one with the credit thereon, was higher and better evidence of the facts testified to. The objection was overruled, and the defendant excepted.

Easterling further testified that plaintiff left the note with him to trade off or sell; that he never delivered the note to plaintiff until after it was returned by Solomon Brothers, with whom he had deposited it for a time as collateral security; that this deposit was made after the sale to plaintiff, and without his knowledge or consent.

Other testimony showed conclusively that the note was in the possession of Solomon Brothers, as collateral security, at the time it matured.

The jury found for the plaintiff. The defendant Clary moved for a new trial upon the following grounds:

1st. Because the verdict was contrary to the law, and the evidence.

2d. Because the court erred in overruling defendant's objection to the testimony of Easterling specified above.

3d. Because of the newly discovered evidence of William H. Broadwater, to the effect that between the 12th of June and 17th of July, 1875, he heard a conversation between plaintiff and Easterling in reference to the sale of a certain note, and the purchase of certain goods which plaintiff possessed or controlled; that Easterling told plaintiff that he held a note against Clary for $500.00, which had been deposited with Solomon Brothers, but had been returned, and which he was willing to trade to the plaintiff for the goods above referred to; that the trade was not made, but it was agreed that plaintiff was to have the note, for the purpose of managing the collection of it.

Also, because of the newly discovered evidence of W. L. Campbell, to the effect that on March 7th, 1876, Easterling told him that he was suing defendant Clary for $500.00.

This last ground was supported by the usual affidavits.

The motion was overruled and the defendant excepted.

John D. Rumph, by brief; J. C. Nichols, for plaintiff in error.

No appearance for defendant.

Bleckley, Judge.

1. The note in suit being resisted by the maker, because of alleged failure of consideration, and one of the questions being, whether the plaintiff (who claimed to have purchased for value before maturity) paid value, parol evidence that he held two notes on the payee from whom he purchased, and that, in the purchase, one of these was surrendered, and a credit entered upon the other, is admissible, the credit being, in its nature, a mere receipt. But this evidence alone is not sufficient in a doubtful case, to make clear the payment of value. To do this, the amount of the indebtedness which was canceled should appear, and, moreover, that it was a real indebtedness; to show which, the notes should be produced, or their non-production ac-

counted for, and their contents proved, or else the consideration for which they were given, and its value should be established. As to the note surrendered, the fact of its surrender would account for its non-production, the presumption being that it was destroyed; but the substance of its contents should be made to appear in order for a debt to be inferred therefrom.

2. Upon the question whether the note in suit was transferred before or not until after due, newly discovered evidence that the plaintiff and the payee were heard, some months after the note became due, in conversation respecting it, and the latter was then proposing to sell to the former, who did not purchase, but, as the witness understood, was to have the note in order to manage its collection, is material.

Judgment reversed.